**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 1:05CR057** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Judge John M. Manos** |
| | ) | |
| **JOHN HALAS,** | ) | |
| | ) | |
| **Defendant.** | ) | **MEMORANDUM OF OPINION** |

On April 19, 2005, John Halas, Defendant, filed a Motion to Modify Bond. (Docket No. 12.) On April 26, 2005, the Government filed a response in opposition. (Docket No. 14.) The Court finds that another evidentiary hearing on this matter is not necessary because no new material factual questions have been raised. For the following reasons, the motion is **DENIED**.

## I. BACKGROUND

On February 08, 2005, an indictment was filed charging Defendant with two (2) counts of distributing and attempting to receive child pornography in violation of Title 18 of the United States Code, Section 2252(a)(2); and one (1) count of knowingly possessing child pornography in violation of Title 18 of the United States code, Section 2252(a)(4)(B). (Docket No. 1.) The Government moved

for pretrial detention, and on February 28, 2005, the parties appeared before a Magistrate Judge for a detention hearing. One witness testified on behalf of the Government. The Defendant did not call any witnesses.

The Government's witness, James Dormuth, is a United States Postal Inspector in Birmingham, Alabama. He testified that the Defendant responded to some internet advertisements placed by an undercover postal inspector that offered child pornography videos for sale. (Tr. at 6.) The Defendant subsequently paid $20 for a CD containing pornographic images involving children. (Id.) The images transmitted over the internet involved minor females who have been identified by the National Center for Missing and Exploited Children as true child victims. (Tr. at 11.) Pursuant to a search warrant, the Defendant's residence was searched and 108 additional image files of minors engaged sexually-explicit conduct were found, along with two videos. (Tr. at 6.)

Mr. Dormuth also testified that after the execution of the search warrant, the Defendant contacted the undercover postal inspector and stated:

> So you see, inspectors, you have basically all but destroyed my life for nothing. The thing that bothers me is that you are not finished. The move down here has practically bankrupted me. I have no intention of returning at my expense. So you might as well round up the rest of the gang, grab your guns and vests, hop a plane and come on down. I'll see you when you get here. John Halas.

(Tr. at 7-8.) When the Defendant was arrested, his waist chain was wrapped around the center of his handcuffs. Mr. Dormuth asked the Defendant what he was doing and the Defendant responded, "It's my duty to try and escape since I am a prisoner of war." (Tr. at 8.)

The Defendant's sole response is that he was only joking when he made these comments. He also argues that he has significant ties to the community, lawful employment, a phone line available for

electronic monitoring, and no significant criminal history.

On March 1, 2005, the Magistrate Judge issued an order of detention based on the conclusion that there was a serious risk that the Defendant would not appear. (Docket No. 14, Ex. 1.) He reasoned that the Defendant indicated twice that he had an intention to flee. As the Magistrate Judge stated at the detention hearing, "I see no reason why the Government or anyone should take a chance on whether or not [the Defendant] was just boasting, or whether he really meant it." (Tr. at 14.)

On April 19, 2005, the Defendant filed the current motion to modify bond. (Docket No. 12.) He again argues that his statements were made in jest. On April 26, 2005, the Government filed a response in opposition arguing that the Defendant clearly indicated his intent to flee. (Docket No. 14.)

## II.   LAW AND ANALYSIS

A district court reviews a magistrate's order of detention *de novo*. United States v. Koenig, 912 F.2d 1190 (9th Cir. 1990); United States v. Alexander, 742 F. Supp. 421, 423 (N.D. Ohio 1990).

A Court shall order detention if it finds that no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of any other person and the community. 18 U.S.C. § 3142(e). Either risk of flight or danger can be the basis for detention. United States v. King, 849 F.2d 485, 488 (11th Cir. 1988). The United States must prove risk of danger by clear and convincing evidence, and risk of flight by preponderance of the evidence. United States v. Chimurenga, 760 F.2d 400, 405 (2d. Cir. 1985).

When making a determination on detention, the Court considers (1) the nature of the offense, including whether it involves a narcotic drug, (2) the weight of the evidence, (3) the history and

characteristics of the defendant, and (4) the nature and seriousness of the danger to the community. 18 U.S.C. § 3142(g). The third factor includes whether the current offense was committed while the defendant was on probation or parole. 18 U.S.C. § 3142(g)(3)(B). The rules of evidence for trial do not apply when considering detention. 18 U.S.C. § 3142(f).

The Court concludes that the Government has met its burden of demonstrating that the Defendant represents a risk of flight. First, the nature of the offense is very serious as it involves the sexual exploitation of minor children. Second, the evidence against the Defendant is very strong. He purchased pornographic images of children off the internet and owned 108 additional images and two videos. Finally, and most telling, he indicated twice his intent to flee. Although he contends that his comments were made in jest, fleeing from law enforcement is no joking matter. As the Magistrate Judge correctly noted, maybe he was joking and maybe he was not, but that is not a risk the Government should take. All three factors favor detention.

Although the Defendant only has one prior conviction for breaking and entering and has some ties to the community, these facts do not outweigh the other factors that strongly favor detention

### III. CONCLUSION

For the foregoing reasons, the Defendant's Motion to Modify Bond (Docket No. 12) is **DENIED**. The pretrial detention order shall remain in effect.

**IT IS SO ORDERED**

**Date: May 18, 2005**           /s/ *John M. Manos*
                          **UNITED STATES DISTRICT JUDGE**